UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROBERT LYNN CRUMEDY, #94372                                             PLAINTIFF

V.                                                   CIVIL ACTION NO. 3:15-cv-107-CWR-FKB

DR. ROLAND ABANGAN;
HEALTH SERVICES ADMINISTRATOR O. LITTLE;
UNIT MANAGER B. BENDER; NURSE A. NICKEL;
AND C.M.C.F. MEDICAL STAFF                                            DEFENDANTS

**REPORT AND RECOMMENDATION**

This cause is before the Court on the Motion for Summary Judgment [29] filed by

Defendant Regina Bender and on the Motion for Relief of Summary Judgment [32] filed by

Plaintiff Robert Lynn Crumedy.  Having considered the motions, the undersigned recommends

that Defendant Bender's motion for summary judgment be granted and that Plaintiff's motion be

terminated.

**I. Background**

Plaintiff is an inmate in the custody of the Mississippi Department of Corrections

("MDOC"), who is proceeding *pro se* in this litigation, alleging violations of his constitutional

rights under 42 U.S.C. § 1983.[1]  Plaintiff claims that he was denied adequate medical care during

his incarceration at both Central Mississippi Correctional Facility ("CMCF") and East

Mississippi Correctional Facility ("EMCF").  Plaintiff's sole claim against Defendant Regina

Bender, former unit manager at EMCF, arises from his allegation that Bender failed to

---

[1]At the time of the filing of the complaint, Plaintiff was housed at EMCF in Meridian,
Mississippi, after having been transferred from CMCF in Pearl, Mississippi.  [1] at 1.  Plaintiff is
currently housed at South Mississippi Correctional Institute in Leakesville, Mississippi.  [33].

1

accommodate his medical needs with respect to his bunk assignment.

Plaintiff's complaint alleges that he suffers from gout and that at the time of his transfer to EMCF, his condition was so bad that he "could barely walk." [1] at 5. Plaintiff claims that upon arrival at EMCF, Bender, the EMCF unit manager at the time, assigned him a top bunk in a cell on the second floor of the housing unit, despite his condition. *Id.* After one day, Plaintiff was moved to a cell on the housing unit's first floor, but he still was assigned a top bunk. *Id.* Plaintiff claims that he had the top bunk for five days until he "bought" the bottom bunk from his cellmate. *Id.* Plaintiff claims that although he has "a bottom bunk profile" and is "incapable of a top bed," Bender refused to assign him a bottom bunk. *Id.* Bender now moves for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies with regard to the claims against Bender. *See* [29].

## II.  Standard of Review

"Summary judgment is appropriate if the moving party can show that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *United States v. Renda Marine, Inc.,* 667 F.3d 651, 655 (5th Cir. 2012) (quoting Fed.R.Civ.P. 56(a)). "A factual dispute is 'genuine' where a reasonable party would return a verdict for the nonmoving party." *Chiu v. Plano Indep. Sch. Dist.,* 339 F.3d 273, 282 (5th Cir. 2003) (quoting *Lukan v. North Forest Indep. Sch. Dist.,* 183 F.3d 342, 345 (5th Cir. 1999)). When considering a summary judgment motion, a court "must review all facts and evidence in the light most favorable to the non-moving party." *Juino v. Livingston Parish Fire Dist. No. 5,* 717 F.3d 431, 433 (5th Cir. 2013). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston,* 337 F.3d 539, 541

(5th Cir. 2003) (citing *Bridgmon v. Array Sys. Corp.,* 325 F.3d 572, 577 (5th Cir. 2003); *Hugh Symons Group, plc v. Motorola, Inc.,* 292 F.3d 466, 468 (5th Cir. 2002)).

### III.  Discussion

Bender argues that summary judgment should be granted in her favor, as Plaintiff failed to exhaust his administrative remedies regarding his claims against Bender prior to filing the lawsuit. *See* [29].   In response, Plaintiff filed his "Motion for Relief of Summary Judgment."  *See* [32].

### A. Plaintiff's Motion.

On December 1, 2015, nearly one month after Bender filed her motion for summary judgment, Plaintiff filed his "Motion for Relief of Summary Judgment." [32].  Because Plaintiff is proceeding *pro se*, his pleadings must be liberally construed.  *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997).  Although the title of the document appears to indicate that Plaintiff seeks a judgment in his favor by way of the motion, a review of the motion reveals that Plaintiff's intent in the filing was to respond to Bender's motion.  Plaintiff filed no other response to Bender's motion, and Plaintiff's motion contains several references to assertions made in Bender's motion.  Further, Plaintiff's motion specifically states, in the section entitled "Relief," that Plaintiff seeks "to object to the motion for summary judgment and have this complaint to move forward." [32] at 2.

Accordingly, the undersigned recommends that Plaintiff's Motion for Relief of Summary Judgment be terminated to the extent that it does not seek judgment as a matter of law.  The undersigned further recommends, however, that Plaintiff's motion be construed as a response to Bender's motion and that it be considered as such.

### B. Bender's Motion for Summary Judgment.

In her motion, Defendant Bender argues that Plaintiff's failure to exhaust his administrative

remedies prior to filing this action requires that the claims against her be dismissed. Under the relevant portion of 42 U.S.C.§ 1997e, as amended by the Prison Litigation Reform Act of 1995 ("PLRA"):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). In *Booth v. Churner*, 532 U.S. 731 (2001), the Supreme Court held that 42 U.S.C. § 1997e requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. *Booth*, 532 U.S. at 734. The United States Supreme Court has further held that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter v. Nussle*, 534 U.S. 516 (2002); *see also Jones v. Bock*, 549 U. S. 199 (2007) (reaffirming that exhaustion is mandatory; stating that it is an affirmative defense).

In support of her argument, Bender presents the affidavit of Mary Dempsey, the Administrative Remedy Program ("ARP") Coordinator and the custodian of the ARP files at EMCF. [31-1] at 1. According to Dempsey, although Plaintiff submitted three separate grievances relating to treatment of his gout condition and associated pain, Plaintiff never "submitted any administrative grievances regarding Unit Manager Regina Bender, nor has he submitted any administrative grievances at EMCF complaining about his bunk assignment." *Id.* at 2.

Bender also presents the ARP files for the grievances filed by Plaintiff while at EMCF. *See Id.* at 4-28. Plaintiff filed three grievances relating to his medical condition, and each progressed through the two-step ARP process utilized by EMCF. *Id.* On July 7, 2014, Plaintiff submitted a

4

grievance stating that he was being denied access to health care services. *Id.* at 8. Plaintiff complained that he had suffered severe pain due to gout and high blood pressure during his first two months at EMCF. *Id.* at 9. Plaintiff further complained that despite several sick call requests, he had yet to see a doctor. *Id.* After denial of his grievance at the first step level, Plaintiff explained that "what grievant takes issue with is that the medical staff has not properly ordered the necessary medications. . . ." *Id.* at 12. On March 2, 2015, Plaintiff submitted another grievance stating that he had been refused the proper medication for his gout condition. *Id.* at 19. Also on March 2, 2015, Plaintiff submitted a separate grievance requesting a second opinion from an outside doctor regarding his gout condition.

Although Plaintiff filed multiple grievances related to his gout condition and the pain he was allegedly suffering, Plaintiff fails to mention his housing unit assignment or bunk assignment throughout the grievance process. Further, none of the grievances mention Bender by name or any action that she allegedly took or failed to undertake.

In response to Bender's motion for summary judgment, Plaintiff argues that by submitting a complaint based on his medical conditions, the unit manager was thereby obligated to house Plaintiff in a manner that would accommodate him in light of those conditions. [32] at 2. Plaintiff fails, however, to present any evidence that he exhausted his administrative remedies with regard to his bunk assignment complaint.

The undersigned finds that Bender is entitled to judgment as a matter of law based on Plaintiff's failure to exhaust his available administrative remedies. Accordingly, the undersigned recommends that Bender's motion for summary judgment be granted and that all claims against her be dismissed.

## IV.  Conclusion

For the reasons stated herein, the undersigned recommends that the Motion for Summary Judgment [29] filed by Defendant Regina Bender be granted and that the Motion for Relief of Summary Judgment [32] filed by Plaintiff Robert Lynn Crumedy be terminated.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 2nd day of August, 2016.


 /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE